IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00679-PAB-KLM

TRACY CANTRELL,

     Plaintiff,

v.

CHRIS GDOWSKI,
SHIRLEY BECKER,
KRISTY RICCIO, and
ADAMS 12 FIVE STAR SCHOOLS,

     Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Motion to Stay Pending Immunity Determinations** [#35][1] (the "Motion").  Plaintiff filed a Response [#37] in opposition to the Motion.  Defendants have not yet filed a Reply.[2]  Defendants ask the Court to stay this case until after Judge Brimmer has ruled on their pending Motion for Summary Judgment [#27].  For the reasons set forth below, the Court **GRANTS** the Motion [#35].

Plaintiff initiated this lawsuit on March 14, 2013.  Although neither her Complaint [#1] nor her Amended Complaint [#16] specifically set-out any causes of action or claims for relief, it appears from her factual allegations that she asserts the following claims against

---

[1]   "[#35]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF).  This convention is used throughout this Order.

[2]   The Court may rule on a pending motion at any time.  D.C.COLO.LCivR 7.1(d).

some or all Defendants: violation of the First Amendment, a Fourteenth Amendment due process claim, breach of contract, intentional interference with a contractual relationship, and wrongful discharge in violation of public policy.  *See generally Am. Compl.* [#16]. Defendants responded to Plaintiff's Amended Complaint [#16] with an Answer [#19] on July 11, 2013.  The parties engaged in discovery and on March 14, 2014, Defendants filed their Motion for Summary Judgment [#27].  The Motion for Summary Judgment contends that Plaintiff's First and Fourteenth Amendment claims fail as a matter of law, but it also argues that Defendants Gdowski, Becker, and Riccio are entitled to qualified immunity with respect to Plaintiff's First and Fourteenth Amendment claims.  *See Motion for Summary Judgment* [#27] at 6-14.  Regarding Plaintiff's state law claims, Defendants argue that all of Plaintiff's claims fail as a matter of law and that the tort claims are barred by the Colorado Governmental Immunity Act ("CGIA").  *Id.* at 14-18.  As a result, Defendants request that the Court enter judgment in their favor.  *Id.* at 19.

In the Motion, Defendants ask the Court to "stay all further proceedings in this action" pending a determination of their claims to both qualified immunity and immunity under the CGIA.  *Motion* [#35] at 2.  Specifically, Defendants note that the Final Pretrial Conference is scheduled on May 27, 2014 and ask that it be vacated.  *Id.*  Defendants argue that "[t]he important policies behind qualified immunity will be subverted in the instant case if the parties are required to participate in the formulation of a Final Pretrial Order, participate in a Final Pretrial Conference, and/or stand trial before Defendants' Motion for Summary Judgment, raising the important threshold qualified immunity and statutory immunity issues, has been decided by this Court."  *Id.* at 4.

In her Response, Plaintiff "agrees that the two[3] individual defendants have generally set forth the unique characteristic of immunity . . . . However, the school-district employer has no claim of immunity in this case." *Response* [#37] at 1. Plaintiff appears to assume that a stay could or would only be granted as to the individual Defendants and, therefore, notes that all Defendants are represented by the same counsel and argues that "there is no efficiency in canceling the pretrial conference." *Id.*

The Court notes that Defendants do not seek a partial stay as to only the individual Defendants. Despite Plaintiff's belief to the contrary, Defendants seek a stay of the entire case.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.,* 299 U.S. 248, 254 (1936); *see also Clinton v. Jones*, 520 U.S. 681, 706-07 (1997). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.*" Id.* at 254-55. The stay of proceedings in a case is generally disfavored, but the Court has discretion to enter a stay while a dispositive motion is pending. *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) ("A stay of all discovery is generally disfavored in this District." (citation omitted)); *see also Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding that ordering a stay of discovery is not an abuse of discretion when a defendant has filed

---

[3] Plaintiff notes that she "has agreed to dismiss [D]efendant Kristy Riccio." *Response* [#37] at 1 n.1. However, the parties have not filed anything on the docket requesting dismissal of Defendant Riccio and she remains a Defendant in this action.

a motion to dismiss challenging the court's actual subject matter jurisdiction); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (A stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action.").

Questions of jurisdiction and immunity should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties. *See Behrens v. Pelletier*, 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) ("the qualified immunity doctrine is [designed] . . . to permit the resolution of many insubstantial claims on summary judgment and to avoid subjecting government officials either to the costs of trial or to the burdens of broad-reaching discovery . . . .") (internal quotation marks and citation omitted); *Moore v. Busby*, 92 F. App'x 699, 702 (10th Cir. 2004) (affirming trial court's stay of discovery pending resolution of absolute immunity question); *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995) ("the Supreme Court has repeatedly 'stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'" (citation omitted)). Qualified immunity "is [designed] . . . to permit the resolution of many insubstantial claims on summary judgment and to avoid subjecting government officials either to the costs of trial

4

or to the burdens of broad-reaching discovery . . . ."   *Mitchell*, 472 U.S. at 526.   "The entitlement is an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial."   *Id.* (emphasis in original).   Accordingly, an order denying qualified immunity is immediately appealable.   *Id.* at 527.   The Court is obligated to "exercise its discretion so that officials [properly asserting qualified immunity] are not subjected to unnecessary and burdensome discovery or trial proceedings."   *Crawford-El v. Britton*, 523 U.S. 574, 597-98 (1998).

As noted above, Defendants also raise immunity under the CGIA.   Pursuant to the CGIA,

> If a public employee raises the issue of sovereign immunity prior to or after the commencement of discovery, the court shall suspend discovery; except that any discovery necessary to decide the issue of sovereign immunity shall be allowed to proceed, and the court shall decide such issue on motion.   The court's decision on such motion shall be a final judgment and shall be subject to interlocutory appeal.

Colo. Rev. Stat. § 24-10-118(2.5).   "Such a rule comports with the CGIA's purpose of 'protect[ing] the government from excessive fiscal burdens, which include not only the cost of judgments against the government but the costs of unnecessary litigation as well.'"   *Chambers v. Bd. of Cnty. Com'rs of Cnty. of Eagle*, No. 13-cv-00393-REB-MEH, 2013 WL 4052397, at *2 (quoting *Finnie v. Jefferson Cnty. Sch. Dist. R-1*, 79 P.3d 1253, 1259 (Colo. 2003) and granting motions to stay filed by entity and individuals).

When exercising its discretion to enter a stay, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the Court; (4) the interests of nonparties; and (5) the public interest.   *String Cheese*

*Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987) (unreported decision)).

In this case, Plaintiff does not argue that she will be prejudiced by a stay. However, Plaintiff opposes the Motion and it is clear that she has an interest in proceeding expeditiously. Therefore, the first factor weighs against a stay. A stay of all proceedings would apparently not prejudice or burden Defendants who seek a stay. Therefore, the Court finds that the second *String Cheese Incident* factor weighs in favor of a stay. With regard to the third factor, it is certainly more convenient for the Court to enter a stay until the Motion for Summary Judgment is decided and the parties and the Court know which claims need to be addressed in the proposed Final Pretrial Order and, ultimately, at trial. To ask the parties to prepare and the Court to review the proposed Final Pretrial Order without knowing which claims the order needs to address would be a waste of resources for both the parties and the Court. The Court therefore finds that the third *String Cheese Incident* factor weighs in favor of a stay. With regard to the fourth factor, there are no nonparties with significant particularized interests in this case. Accordingly, the fourth *String Cheese Incident* factor neither weighs in favor nor against a stay. With regard to the fifth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution. Avoiding wasteful efforts by the Court and litigants serves this interest. Thus, the fifth *String Cheese Incident* factor weighs in favor of a stay.

Accordingly, for the reasons stated above,

IT IS HEREBY **ORDERED** that the Motion [#35] is **GRANTED**. The case is

**STAYED** pending resolution of the Motion for Summary Judgment [#27].

IT IS FURTHER **ORDERED** that the Final Pretrial Conference set for May 27, 2014

at 10:30 a.m. is **VACATED**.  The Final Pretrial Conference will be reset, if needed, after

resolution of the Motion for Summary Judgment.

Dated:  May 16, 2014                           BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge